**[IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE Herbert Wenke | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Credit Control, LLC | ) | |
| 5757 Phantom Dr., Suite 330 | ) | |
| Hazelwood, MO 63042 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Herbert Wenke, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Credit Control, LLC. Plaintiff allege violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that the only qualified entities be permitted to practice as a collection agency in the State of

Illinois. This Act shall liberally be construed to carry out these objects and purposes……It is further declared to be the public policy of this State to protect consumers against debt collection abuse" 225 ILCS 425/1a.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Herbert Wenke (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois
8. Defendant, Credit Control, LLC ("Defendant"), is a Missouri business entity with an address of 5757 Phantom Dr., Suite 330, Hazelwood, MO 63402 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to Credit Control, LLC.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

11. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $9,076.06 (the "Debt") to an original creditor (the "Creditor")
12. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to

Debt.

13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
14. In a collection letter by Defendant, the letter stated " [T]o avoid further collection activities, please look into this matter as soon as possible. See Exhibit A.
15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
17. The Defendant's conduct violated 15 U.S.C. Section 1692d in that it engaged in conduct that had the natural consequence of which to harass, oppress, or abuse any person in connection with the collection of a debt.
18. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it used false, deceptive, or misleading representation or means in connection with the collection of debt.
19. The Defendants' conduct violated 15 U.S.C. Section 1692f in that Defendants used unfair and unconscionable means to collect a debt.
20. Plaintiff is entitled to damages as a result of Defendants' violations.

**LLINOIS COLLECTION AGENCY ACT**

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
22. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).
23. Defendant, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS

425/2.02.

24. The Defendant's conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.
25. The foregoing acts and omissions of the Defendants constitute a violation of the Illinois Collections Agency Act, including every one of the above-cited provisions.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff